[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14390

Non-Argument Calendar

_____

JOSEPH DANIEL FINCHER,
TOMMY LYALL,
SCOTT SIMMONS,
GERALD DODSON,
CAMERON ELLIS,
TOMMY PORTER,

Plaintiffs-Appellants,

*versus*

GEORGIA DEPARTMENT OF CORRECTIONS,
WARDEN,
UNIT MANAGER JAMISON,

2                    Opinion of the Court                    21-14390

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-04560-MLB

_____

Before WILLIAM PRYOR, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Inmates Joseph Fincher, Tommy Lyall, Scott Simmons, Gerald Dodson, Cameron Ellis, and Tommy Porter appeal the summary judgment in favor of the Georgia Department of Corrections, the Warden of Phillips State Prison, and a unit manager, Alton Jamison. The inmates filed a putative class action complaining of retaliation in violation of the First Amendment after they used the "See Something, Say Something" hotline and of being subjected to cruel and unusual punishment in violation of the Eighth Amendment by being placed in segregation where they were exposed to unsanitary conditions. *See* 42 U.S.C. § 1983. The district court ruled that the Department was immune from suit and alternatively was not subject to suit under section 1983 and that no evidence connected the Warden or Jamison to the alleged retaliation or to the inmates' placement in segregation. We affirm.

We review *de novo* a summary judgment. *See Underwood v. City of Bessemer*, 11 F.4th 1317, 1327 (11th Cir. 2021). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court correctly entered summary judgment in favor of the Department. "[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he . . . was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). And the Eleventh Amendment bars suits "against one of the United States," U.S. Const. Amend. XI, including a department of a state government, *Papasan v. Allain*, 478 U.S. 265, 276 (1986). The inmates do not dispute that their suit against the Department—a state agency that has not waived its immunity—"is proscribed by the Eleventh Amendment," *see id.*, and that it is not a person subject to suit under section 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The district court also did not err by entering summary judgment in favor of the Warden and Jamison and against the inmates' claims of retaliation. To prove retaliation based on the First Amendment, the inmates had to establish they suffered an adverse action at the hands of officials in retaliation for engaging in protected conduct. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). The inmates asserted that Jamison ordered them in October 2019 to stop their lawsuit, but that conduct could not be

retaliation for an action they admitted "Jamison did not have any knowledge of . . . until he was served with the First Amended Complaint on December 3, 2019." The inmates provided only a conclusory allegation that they "were retaliated against by defendant Warden Hatcher," which was insufficient to survive summary judgment. *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). And the inmates' assertion that the Warden and Jamison were "aware or should have been aware that these acts [of retaliation] were occurring . . . and therefore [are] responsible" failed for want of proof that the officials either participated in the retaliation, directed their subordinates to act unlawfully, or knew those subordinates would act unlawfully yet failed to stop them. *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

The district court also did not err by entering summary judgment in favor of the Warden and Jamison and against the inmates' claim of being placed in segregation where there were allegedly unsanitary conditions. Undisputed evidence establishes that neither official was involved in the inmates' placement in segregation. Inmate records, authenticated by the Deputy Warden of Care and Treatment, established that the extent of the Warden's involvement in the inmates' placement was on August 21, 2019, when he released Inmates Fincher and Ellis from administrative segregation and on May 1, 2019, when the Warden approved a "bed move" for Inmate Simmons. The records also establish that Jamison had no involvement in inmates' placement. And although the inmates asserted that they were maltreated by cellmates in cells that were

filthy and infested with mice and insects, they did not argue or submit evidence that the Warden or Jamison caused, had a custom or policy of directing subordinates to maintain or to ignore, or disregarded evidence of the unsanitary conditions in segregation cells. *See Chandler v. Crosby*, 379 F.3d 1278, 1289–90 (11th Cir. 2004).

We **AFFIRM** the summary judgment in favor of the Georgia Department of Corrections, the Warden, and Jamison.